```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON


1STARR DALTON,

        Petitioner,

v.                                  Case No. 2:09-cv-01558

JOSEPH GOODWIN, and
TERESA DEPPNER,

        Respondents.
```

### PROPOSED FINDINGS AND RECOMMENDATION

This is an action in which the petitioner, an inmate at Mount Olive Correctional Complex, seeks a writ of mandamus to compel "the court to abstain from its unlawful practice of barring legitament [sic], meritorious, and justifiable § 1983 civil action suits on grounds that the petitioner has not filed grievance complaints with the defendants (division of corrections) and therefore has not exhausted available administrative remedies prior to instituting action in the courts." (Petition, # 1, at 1-2.) He claims that prison officials do not process his grievances and thus he should be excused from the requirement of filing them.

Attached to the Petition are three Inmate Grievance Forms, all dated November 20, 2009, but relating to incidents that occurred more than 18 months before. Id. at 5-10. The prior incidents were the subject of civil actions filed by Petitioner and dismissed for failure to exhaust administrative remedies.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The petition is legally frivolous.  Neither respondent, the Chief Judge and the Clerk of this Court, owes a duty to the petitioner to rule on his actions as he demands.  The Clerk has received and filed many documents from Petitioner and she has no authority to rule on their contents.  The Chief Judge makes rulings according to the law as enacted by Congress and interpreted by the Supreme Court of the United States, the United States Court of Appeals for the Fourth Circuit, and other courts.

The undersigned proposes that the presiding District Judge **FIND** that the petition is legally frivolous.

Recommendation

It is respectfully **RECOMMENDED** that the petition be dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

Note Regarding Filing Fee

Petitioner neither paid the $350 filing fee nor applied to proceed without prepayment of costs and fees.  It appears to the undersigned that Petitioner has brought civil actions (without

paying the filing fee pursuant to 28 U.S.C. § 1915(a)) on three or more occasions, while incarcerated, which were dismissed with prejudice on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted.  The three actions are Nos. 2:08-cv-335, 2:08-cv-956, and 2:08-cv-957. The undersigned proposes that the presiding District Judge **FIND** that, pursuant to 28 U.S.C. § 1915(g), 1Starr Dalton is no longer eligible to file a civil action without prepayment of a filing fee in full unless he is under imminent danger of serious physical injury.

   Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

   Failure to file written objections as set forth above shall

constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

  January 28, 2010
        Date

Mary E. Stanley
United States Magistrate Judge