#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

#### CHARLESTON DIVISION

1STARR DALTON,

          Petitioner,

v.                                      CIVIL ACTION NO.  2:09-cv-01558

JOSEPH GOODWIN, and,
TERESA DEPPNER

          Respondents.

#### MEMORANDUM OPINION AND ORDER

      Before the Court is Plaintiff 1Starr Dalton's Petition for Writ of Mandamus [Docket 1]. By Standing Order entered August 1, 2006, and filed in this case on January 1, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R [Docket 3] on January 28, 2010, recommending that this Court prohibit Petitioner from filing future civil actions, dismiss the Petition, and remove this matter from the Court's docket.

      Objections to the PF&R were due on February 16, 2010. On February 5, 2010, Petitioner filed a motion seeking an extension of time to file his objections. The Court granted that motion, and extended the deadline for objections to April 4, 2010. Petitioner's objections were not filed until April 5, 2010. However, the postage stamp indicates the objections were mailed on April 2, 2010. Given that Petitioner is pro se and was incarcerated at the time of mailing, the prisoner mailbox rule applies to make Plaintiff's objections timely. The issues are fully briefed and the matter is now ripe for the Court's consideration.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner is an inmate at Mount Olive Correctional Complex in Mt. Olive, West Virginia. In the petition, Petitioner seeks a writ of mandamus from the Court that would allow him to bring civil actions without meeting the requirement that prisoners first exhaust administrative remedies or, in the alternative, for the Court to submit his grievances to the Commissioner of Corrections. Petitioner filed this action against Respondents Joseph Goodwin, the Chief Judge of this District, and Teresa Deppner, Clerk of Court for this District. As stated in the PF&R, the Court has no authority to direct Respondents to grant Petitioner's requests. Additionally, in Petitioner's Objections [Docket 6], he generally restates the requests that make up his petition, and does not direct the Court to any specific portion of the PF&R to which he objects. Therefore, Petitioner's Objections [Docket 6] are **OVERRULED**.

Therefore, the Court **OVERRULES** Plaintiff's Objections [Docket 6] and **ADOPTS** the PF&R [Docket 3] except to the extent that the PF&R recommends that Petitioner should be prohibited from filing further civil actions. The Court does not adopt this recommendation and

makes no further findings upon it.   Further, the Court **DISMISSES** the Petition [Docket 1] as frivolous and **DISMISSES** this case from the docket.  A separate Judgment Order will enter this day implementing the rulings contained herein.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:     September 17, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE